# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| **REMBRANDT WIRELESS TECHNOLOGIES, LP** | § § § § § | |
| **Plaintiff,** | § | |
| v. | § § | **Civil Action No. 2:16-cv-00170** |
| **SAMSUNG ELECTRONICS CO. LTD.; SAMSUNG ELECTRONICS AMERICA, LLC; AND SAMSUNG TELECOMMUNICATIONS AMERICA, LLC.** | § § § § § § | |
| **Defendants.** | § § § § § | |

## REMBRANDT'S RESPONSE TO SAMSUNG'S MOTION
## FOR EXTENSION OF STAY PENDING APPEAL

Rembrandt respectfully requests that the Court deny Samsung's Motion for an Extension of Stay Pending Appeal. Dkt. No. 6 (hereinafter, "Mot."). The parties should be permitted to, *inter alia*, conduct discovery and motion practice to determine whether Samsung's post-verdict Bluetooth EDR products are "colorably different" from Samsung's pre-verdict Bluetooth EDR products that have been adjudicated to infringe.

**I.   INTRODUCTION**

The Court must decide but two issues in this current action for post-trial relief: (1) the ongoing royalty rate and (2) whether Samsung's post-trial Bluetooth EDR products are "colorably different" from its pre-trial Bluetooth EDR products. The first issue is fully briefed and ripe for decision. But because Samsung refuses to stipulate to the second issue, Rembrandt requires limited discovery followed by a short summary judgment motion to tee that issue up for resolution. Staying the case at this time, with but one issue outstanding, would unreasonably delay the final outcome, reward Samsung's obstinance, and prejudice Rembrandt.

Samsung's refusal to stipulate that its current products are not "colorably different" from its previously-adjudicated infringing products—notwithstanding that both sets of products include the exact same accused Bluetooth EDR functionality—completely undermines its arguments for conserving judicial and client resources. Indeed, such a stipulation is a simple, easy and textbook example of how to conserve judicial and client resources. Even if Samsung is optimistic about its pending Federal Circuit appeal, there is no reason not to enter a stipulation now; the stipulation would not prejudice Samsung if it prevailed on appeal and, if Samsung does not prevail (as is expected), the stipulation would save all the litigants and the Court an otherwise unnecessary expense—both in terms of time and resources.

## II.     FACTUAL BACKGROUND

On February 13, 2015, after deliberating for less than an hour, the Jury found that Samsung's accused products with Bluetooth EDR functionality infringed various claims of Rembrandt's Patents and awarded past damages of $15.7 million.  Case No. 2:13-213-JRG (E.D. Tex) (hereinafter, "*Rembrandt I*"), Dkt. No. 288.  Rembrandt subsequently moved for entry of Final Judgment that included not only past damages, but also supplemental damages and an ongoing royalty for Samsung's post-trial sales of products with the infringing Bluetooth EDR functionality. *Id.*, Dkt. No. 314.  The Court ultimately entered a Final Judgment that awarded past damages, but severed the issue of post-trial relief into the present case (hereinafter, "*Rembrandt II*").  *Id.*, Dkt. Nos. 354 & 355.  Samsung has appealed the Final Judgment. *Id.*, Dkt. No. 358.

Since the Jury's verdict, Samsung continues to make, sell and offer to sell products that include the infringing Bluetooth EDR functionality.  Samsung's U.S. website, http://www.samsung.com/us/shop/, lists hundreds of cell phones, tablets, televisions, computers, home audio equipment and cameras that Samsung currently sells in the United States.  *See* Ex. 1 (Samsung website).  Samsung certifies to the Bluetooth SIG that those products include the same Bluetooth EDR functionality that the jury found to infringe.  *See* Ex. 2 (Bluetooth SIG website identifying Samsung post-trial products with Bluetooth EDR).  For example, Samsung certifies that its flagship Galaxy S7 cell phone supports Bluetooth EDR:

**EDR Features**                                                                                          [ top ]

Table 22: **EDR Features**

| Item | Capability | System Spec Reference | Status | Support [Yes] or [No] |
|---|---|---|---|---|
| 1 | EDR for asynchronous transports (single slot) | Core 2.0+EDR and later | C.1 | ● ○ |
| 2 | EDR for asynchronous transports (multi-slot) | Core 2.0+EDR and later | C.1 | ● ○ |
| 3 | EDR for synchronous transports | Core 2.0+EDR and 2.1+EDR | C.1, C.3 | ○ ● |
| 4 | EDR for synchronous transports | CSA1 and 3.0+HS or later | C.1, C.2 | ● ○ |

Ex. 3 (Samsung Bluetooth Certification for Galaxy S7), pp. 4-5; *see also id*. at pp. 6-9, 19, 44, 47. There are similar certifications for each of Samsung's other products with Bluetooth EDR.  Given the foregoing, no one can reasonably argue that Samsung's post-trial products with Bluetooth EDR are "colorably different" with respect to Rembrandt's patents than Samsung's pre-trial products with Bluetooth EDR; the infringing Bluetooth EDR functionality simply has not changed. *Compare* Ex. 4 (BT 4.2 Specification), pp. 67 *with* Ex. 5 (Bluetooth 2.0 Specification), p. 109.

Despite the above, Samsung maintains that its post-trial products with Bluetooth EDR are "colorably different" than the accused products with Bluetooth EDR. *See* Ex. 6 (e-mail chain), pp. 1-2.  Samsung will not, however, explain the substantive basis for its position. *See id.*  Accordingly, Rembrandt opposes a stay insofar as it thwarts discovery into Samsung's position on "colorably different" products and unreasonably delays resolution of that issue. *See id.*

**III.   LEGAL STANDARDS**

The district court has the inherent power to control its own docket, including the power to stay proceedings. *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).  When deciding whether to stay a case pending appeal, courts typically consider: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Standard Havens Prods., Inc. v. Gencor Indus., Inc.*, 897 F.2d 511, 512 (Fed. Cir. 1990) (citing *Hilton v. Braunskill*, 481 U.S. 770 (1987)); *see also In re First. S. Sav. Ass'n*, 820 F.2d 700, 704 (5th Cir. 1987).  And the "party seeking a stay bears the burden of justifying a delay tagged to another legal proceeding." *Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541, 545 (5th Cir. 1983) (citing Landis, 299 U.S. at 255); *see also State of Texas v. U.S. Forest Serv.*, 805 F.2d 524, 525 (5th Cir. 2001) ("The party

who seeks a stay bears the burden…."). Taking these principles into account, Samsung's motion should be denied unless Samsung meets its burden to show that the four factors favor a stay.

This Court's decision in *z4 Technologies, Inc. v. Microsoft Corp. & Autodesk, Inc.* is particularly instructive. In that *z4* case, as in the present case, the jury found infringement, awarded substantial past damages, and the Court severed the cause of action for post-verdict infringement and damages into a new case. Case No. 6:06-cv-258-LED (E.D. Tex. June 14, 2006), Dkt. No. 1 at 1. Defendants promptly appealed the verdict and moved to stay the action for post-verdict damages pending resolution of the appeal, just as in the present case. *Id.*, Dkt. No. 26. Defendants' stated basis for the stay in *z4* was the same as in the present case: "[plaintiff] would suffer no harm or prejudice by the Court's granting of this motion, and it would serve judicial economy." *Id.* at 1. Much like Rembrandt in the present case, z4 opposed the stay because there was a dispute as to whether Microsoft's post-verdict products included the infringing technology, and "z4 should be allowed to take discovery to determine whether the latest incarnation of Microsoft's adjudicated Product Activation technology continues to infringe." Case No. 6:06-cv-258-LED, Dkt. No. 32 at 3. Because of the dispute, the *z4* Court denied the stay as to Microsoft and conditionally permitted discovery and depositions into Microsoft's post-verdict products. *Id.*, Dkt. No. 36 at 2 & Dkt. No. 37 at 1. The *z4* Court's reasoning applies equally to the present case.[1]

---

[1] Other Courts have denied stays pending appeal, as well. *VirnetX Inc. v. Apple, Inc.*, Case No. 6:12-cv-855-LED (E.D. Tex. July 22, 2013), Dkt. No. 65 at 5-6; *Apple, Inc. v. Samsung Electronics Co., Ltd.*, 2014 U.S. Dist. LEXIS 165975 at *100-*104 (N.D. Cal. Nov. 25, 2014) (denying Samsung's request to stay resolution of Apple's ongoing royalties motion); *Wisconsin Alumni Research Foundation v. Apple, Inc.*, 2016 U.S. Dist. LEXIS 14414 at *7 (W.D. Wis. Feb. 5, 2016) (refusing to stay discovery on whether the technology in defendant's newest products infringed).

## IV. ARGUMENT

### A. Samsung cannot make a strong showing that it is likely to succeed on the merits.

This Court has already rejected Samsung's arguments on the merits numerous times. For example, the Court rejected Samsung's claim construction arguments *at least six times*. *See Rembrandt I*, Dkt. No. 114 (Claim Construction Order) at 22-29; Dkt. No. 157 (Order re Ltr. Br.); TT 2/9/15 PM (Preliminary Jury Instructions) at 16:13-17:21; Dkt. No. 335-6 (Claim Construction Chart from Juror Notebook); TT 2/13/15 AM (Final Jury Instructions) at 22:24-23:13; Dkt. No. 352 (JMOL Order) at 7-8. The Court similarly rejected Samsung's validity arguments *at least six times*. *Rembrandt I*, Dkt. No. 157 (Order re Ltr. Br.); Dkt. No. 262 (Payne Order re MSJ); Dkt No. 277 (Gilstrap Order re MSJ); TT 2/12/15 PM (Denying JMOL) at 47:20-49:24; Dkt. No. 355 (Final Judgment); Dkt. No. 352 (JMOL Order) at 5-7. And the Court rejected Samsung's damages and evidentiary arguments *at least nine times*. *Rembrandt I*, Dkt. No. 243 (Payne Order re Excluding Damages Expert); Dkt. No. 248 (MIL Order); 1/20/15 Pretrial Hearing Transcript (Denying MILS); 2/2/15 Final Pretrial Hearing Transcript (Denying Evidentiary Objections); Dkt. No. 265 (Gilstrap Order re Excluding Damages Expert); Dkt. No. 266 (Gilstrap Order re MILs and Evidentiary Objections); TT 2/12/15 PM (Denying JMOL) at 51:4-52:14; Dkt. No. 288 (Verdict); Dkt. No. 355 (Final Judgment); Dkt. No. 350 (JMOL Order). Indeed, it took the jury less than an hour to reject Samsung's arguments. *Rembrandt I*, Dkt. No. 288 (Verdict). Samsung's current stay motion does not offer any new evidence or argument as to why it will succeed on the merits now. *See* Mot. Accordingly, Samsung has not made the requisite "strong showing" that it will succeed on the merits. *See Standard Havens*, 897 F.2d at 512; *see also Microsoft Corp. et al. v. CSIRO*, Case No. 6:06-cv-549-LED (E.D. Tex. Mar. 19, 2008), Dkt. No. 234 at 4-5 (denying a stay pending appeal when the Court previously decided that the movant's arguments on the merits "lacked sound legal basis" and the movant "offers no additional support that it will succeed on the merits").

**B.     Samsung will not be irreparably injured absent a stay.**

Samsung's only alleged injury should the Court refuse to stay the case is "waste[d] resources."  Mot. at 3.  However, "the Supreme Court has made it clear that "[m]ere litigation expense, even substantial and unrecoupable cost, does not constitute irreparable injury." *VirtualAgility, Inc. v. Salesforce.com, Inc.*, Case No. 2:13-cv-11-JRG (E.D. Tex. Feb. 27, 2014), Dkt. No. 146 at 5 (citing *F.T.C. v. Standard Oil Co. of California*, 449 U.S. 232, 244 (1980)).  Further, any expense associated with determining whether Samsung's post-trial Bluetooth EDR products are "colorably different" from Samsung's pre-trial Bluetooth EDR products should be minimal (indeed, non-existent, if Samsung would agree to a stipulation).  Samsung did not consider it a waste of resources to unsuccessfully challenge the validity of these claims multiple times in front of both this Court (as described above) and the PTO, and its argument now that minimal discovery and motion practice presents a financial problem lacks credibility.  Samsung has not met its burden to show that this factor favors a stay.

**C.     Rembrandt would be prejudiced by a stay.**

Should the Court stay the case without first permitting the parties to litigate the "colorably different" issue, Rembrandt would be prejudiced.  Federal Circuit appeals typically take about a year.  *See* Ex. 7 (Fed. Cir. Timeline).  This Court has previously found that a one-year delay resulting from a stay pending appeal to the Federal Circuit "would prejudice Plaintiff and put Plaintiff at a tactical disadvantage in later obtaining discovery and preparing its case." *TQP Development, LLC v. Dell*, Case No. 2:10-cv-446-JRG (E.D. Tex. Jan. 19, 2012), Dkt. No. 148 at 3.  Accordingly, Samsung has not met its burden to show that this factor favors a stay, either.

Samsung distorts the implication of the Parties' agreement regarding the post-trial bond. *See* Mot. at 5.  In exchange for agreeing that Samsung need not obtain a bond, Rembrandt required Samsung to pay more promptly than it might otherwise be required to do once the Federal Circuit

6

mandate issues. *Rembrandt I*, Dkt. No. 356 at 2. Thus, rather than proving continued delay does not prejudice Rembrandt (as Samsung suggests), the agreement actually proves that Rembrandt is aggrieved by delay—so much so that it waived its right to a substantial bond. *Id.* Simply put, delaying payment prejudices Rembrandt. Should the Federal Circuit agree with this Court and affirm the award in *Rembrandt I*, this stay would delay the judgement in *Rembrandt II* and cause further prejudice.

### D. The public interest favors strong patent rights and a speedy resolution.

"The public has an interest in a strong patent system and it is generally in the public interest to uphold patent rights against an adjudicated infringer." *LaserDynamics, Inc. v. Quanta Computer, Inc. et al.*, Case No. 2:06-cv-348-TJW (E.D. Tex. June 22, 2010), Dkt. No. 624 at 5 (citing *i4i Ltd. P'ship v. Microsoft Corp.*, 598 F.3d 831, 863 (Fed. Cir. 2010)). This tempers Samsung's sole public interest argument—conserving judicial resources. Samsung has therefore not met its burden to show that this factor clearly favors a stay.

### V. CONCLUSION

For the reasons set forth herein, Samsung's Motion for an Extension of Stay Pending Appeal should be denied. The parties should be permitted to, *inter alia*, conduct discovery and motion practice to determine whether Samsung's post-verdict Bluetooth EDR products are "colorably different" from Samsung's pre-verdict Bluetooth EDR products that have been adjudicated to infringe.

**DATED**: April 28, 2016                Respectfully submitted,

By:   */s/ Eric J. Enger*

Michael F. Heim (Texas Bar No. 09380923)
mheim@hpcllp.com
Eric J. Enger (Texas Bar No. 24045833)
eenger@hpcllp.com

7

>Miranda Y. Jones (Texas Bar No. 24065519)
>mjones@hpcllp.com
>Blaine A. Larson (Texas Bar No. 24083360)
>blarson@hpcllp.com
>**HEIM, PAYNE & CHORUSH, L.L.P.**
>600 Travis Street, Suite 6710
>Houston, Texas 77002
>Telephone: (713) 221-2000
>Facsimile: (713) 221-2021
>
>Demetrios Anaipakos (Texas Bar No. 00793258)
>danaipakos@azalaw.com
>Amir Alavi (Texas Bar No. 00793239)
>aalavi@azalaw.com
>Jamie Aycock (Texas Bar No. 24050241)
>Email: jamieaycock@azalaw.com
>Alisa Lipski (Texas Bar No. 24041345)
>Email: alipski@azalaw.com
>Kyril Talanov (Texas Bar No. 24075139)
>Email: ktalanov@azalaw.com
>**AHMAD, ZAVITSANOS, ANAIPAKOS,**
>**ALAVI & MENSING, P.C.**
>1221 McKinney Street, Suite 3460
>Houston, TX 77010
>Telephone: 713- 655-1101
>Facsimile: 713-655-0062
>
>T. John Ward, Jr. (Texas Bar No. 00794818)
>jw@wsfirm.com
>**WARD & SMITH LAW FIRM**
>1127 Judson Rd, Ste. 220
>Longview, Texas 75601
>Telephone (903) 757-6400
>Facsimile (903) 757-2323
>
>*Attorneys for REMBRANDT WIRELESS TECHNOLOGIES, LP*

## **CERTIFICATE OF SERVICE**

I hereby certify that the following was served to all counsel of record via CM/ECF on April 28, 2016.

>*/s/ Eric J. Enger*